```
                     United States Bankruptcy Court
                     Middle District of Pennsylvania
In re:                                                      Case No. 18-04304-RNO
George Paul Skumanick                                       Chapter 13
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5      User: PRatchfor           Page 1 of 2         Date Rcvd: May 02, 2019
                          Form ID: pdf002           Total Noticed: 26


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2019.
db            +George Paul Skumanick,    61 Putnam Street,    Tunkhannock, PA 18657-1203
cr            +BANK OF AMERICA N.A.,    C/O POWERS, KIRN & ASSOCIATES, LLC,
                8 NESHAMINY INTERPLEX DRIVE SUITE 215,    TREVOSE, PA 19053-6980
5118064       +Bank of America,    PO Box 31785,   Tampa, FL 33631-3785
5126494        CACH, LLC its successors and assigns as assignee,   of Citibank (South Dakota), N.A.,
                Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
5118067       +FNCB Bank,    102 East Drinker Street,    Scranton, PA 18512-2432
5118069       +Judd Fitze, Esq,    7 Marion St,    Tunkhannock, PA 18657-1210
5118074       +KML Law Group, PC,    Mellon Independence CTR,    701 Market St, ste 5000,
                Philadelphia, PA 19106-1541
5118070       +Kim Skumanick,    61 Putnam Street,    Tunkhannock, PA 18657-1203
5120656       +MTGLQ Investors, L.P,    RAS Crane, LLC,   10700 Abbotts Bridge Road, Suite 170,
                Duluth, GA 30097-8461
5143841       +Pa Dept of Revenue,    1 Revenue Place,    Harrisburg PA 17129-0001
5118076       +Selene Finance, LP,    9990 Richmond Ave,    STE 400S,    Houston, TX 77042-8500
5118077       +Seterus,    14523 SW Millikan Way,    Dte 200,   Beaverton, OR 97005-2352
5118078       +Sheriff of Wyoming County,    1 Courthouse Square,    Tunkhannock, PA 18657-1228

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5142629        E-mail/Text: jennifer.chacon@spservicing.com May 02 2019 19:24:37      ABS REO Trust V,
                c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
5118065       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 02 2019 19:24:05      Comenity Bank/Kingsize,
                PO Box 182789,    Columbus, OH 43218-2789
5118066        E-mail/Text: cio.bncmail@irs.gov May 02 2019 19:23:59      Dept. of Treasury,   IRS,
                Ogden, UT 84201-0002
5142626       +E-mail/Text: bkteam@selenefinance.com May 02 2019 19:23:59      MTGLQ Investors, L.P.,
                C/O Selene Finance, LP,    9990 Richmond Ave.,   Suite 400 South,   Houston TX 77042-4546
5118075       +E-mail/Text: Diane@mvrlaw.com May 02 2019 19:23:56      Martha E. Von Rosenstiel, PC,
                649 South Ave. #7,    Clifton Heights, PA 19018-3541
5143838       +E-mail/Text: bankruptcydpt@mcmcg.com May 02 2019 19:24:13      Midland Credit Mgmt,
                PO Box 2011,    Warren MI 48090-2011
5123738       +E-mail/Text: bankruptcydpt@mcmcg.com May 02 2019 19:24:13      Midland Funding LLC,
                PO Box 2011,    Warren, MI 48090-2011
5143839        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 02 2019 19:23:22
                Portfolio Recovery Assoc,    PO Box 41067,    Norfolk VA 23541
5142734        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 02 2019 19:21:59
                Portfolio Recovery Associates, LLC,    POB 41067,    Norfolk, VA 23541
5118334       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 02 2019 19:22:41
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5147314        E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 02 2019 19:24:08
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA  17128-0946
5143840        E-mail/Text: jennifer.chacon@spservicing.com May 02 2019 19:24:37
                Select Portfolio Servicing,    PO Box 65250,    Salt Lake City UT 84165-0250
5118079       +E-mail/Text: tcm.bk@icba.tcmbank.com May 02 2019 19:24:24      TCM Bank, NA,
                2701 N Rocky Point Dr Suite 700,    Tampa, FL 33607-5936
                                                                                             TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +MTGLQ Investors, L.P,    RAS Crane, LLC,   10700 Abbotts Bridge Road, Suite 170,
                Duluth, GA 30097-8461
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5118068*      +FNCB Bank,    102 East Drinker Street,    Scranton, PA 18512-2432
5118073*      +Kim Skumanick,    61 Putnam St,    Tunkhannock, PA 18657-1203
5118071*      +Kim Skumanick,    61 Putnam Street,    Tunkhannock, PA 18657-1203
5118072*      +Kim Skumanick,    61 Putnam Street,    Tunkhannock, PA 18657-1203
                                                                                      TOTALS: 0, * 6, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2019                              Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 2, 2019 at the address(es) listed below:

```
Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
James  Warmbrodt    on behalf of Creditor    ABS REO Trust V bkgroup@kmllawgroup.com
Jill  Manuel-Coughlin    on behalf of Creditor    BANK OF AMERICA N.A. jill@pkjllc.com,
 chris.amann@pkjllc.com;nick.bracey@pkjllc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
 ;mary.raynor-paul@pkallc.com;amanda.rauer@pkallc.com
Joseph J. Swartz    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
 RA-occbankruptcy6@state.pa.us
Kevin  Buttery    on behalf of Creditor    MTGLQ Investors, L.P kbuttery@rascrane.com
Paul P Ackourey    on behalf of Debtor 1 George Paul Skumanick ackoureyandturel@gmail.com,
 backourey@ackoureyandturel.com
United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 7

Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

George Skumanick

CHAPTER 13

CASE NO. 5 -bk- 18 - 04304-JJT

✔ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ✔ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ✔ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ✔ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>**Plan Payments From Future Income**</u>

   1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 205123.92, plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 01/2019 | 12/2019 | 805.53 | 1194.47 | 2000.00 | 24000.00 |
   | 01/2020 | 12/2020 | 1805.53 | 1194.47 | 3000.00 | 36000.00 |
   | 01/2021 | 12/2021 | 2305.53 | 1194.47 | 3500.00 | 42000.00 |
   | 01/2022 | 12/2023 | 3102.36 | 1194.47 | 4296.83 | 103123.92 |
   |  |  |  |  |  |  |
   |  |  |  |  | Total Payments: | 205,123.92 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (✔) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

      ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

Case 5:18-bk-04304-RNO    Doc 26    Filed 12/26/18    Entered 12/26/18 13:20:45    Desc
Main Document    Page 2 of 12
Case 5:18-bk-04304-RNO    Doc 41    Filed 05/04/19    Entered 05/05/19 00:38:47    Desc
Imaged Certificate of Notice    Page 4 of 14

B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ 0.00_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

   ✔ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

   ☐ Certain assets will be liquidated as follows:

   2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

   3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ✔ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| FNCB | 4820 | 578.23 |
| Select Portfolio Svc | 5262 | 616.24 |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☐ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

4

Rev. 12/01/18

C. **<u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| FNCB Bank | 116-118 Warren St Tunkhannock, PA 18657 | 10081.79 | | 12193.20 |
| Select Portfolio Svc | 61 Putnam St Tunkhannock, PA 18657 | 9956.35 | | 11001.60 |
| Selene Finance | 61 Putnam St Tunkhannock, PA 18657 | 31570.62 | | 36401.40 |

D. **<u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

✔ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

Case 5:18-bk-04304-RNO    Doc 26    Filed 12/26/18    Entered 12/26/18 13:20:45    Desc
Main Document    Page 5 of 12
Case 5:18-bk-04304-RNO    Doc 41    Filed 05/04/19    Entered 05/05/19 00:38:47    Desc
Imaged Certificate of Notice    Page 7 of 14

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| FNCB | 116-118 Warren St Tunkhannok, PA | 45460.94 | 7.75 | 34693.80 |
| Select Portfolio Svc | 61 Putnam Street Tunkhannock, PA | 68216.00 | 4.00 | 36974.40 |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

 None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description <br> For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3. PRIORITY CLAIMS.**

   **A. <u>Administrative Claims</u>**

      1. <u>Trustee's Fees</u>.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees</u>. Complete only one of the following options:

         a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 0.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b. $ 0.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

        ✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

        ☐ The following administrative claims will be paid in full.

8

Case 5:18-bk-04304-RNO    Doc 26    Filed 12/26/18    Entered 12/26/18 13:20:45    Desc
Main Document    Page 8 of 12
Case 5:18-bk-04304-RNO    Doc 41    Filed 05/04/19    Entered 05/05/19 00:38:47    Desc
Imaged Certificate of Notice    Page 10 of 14

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Dept. of Treasury | 61859.44 |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

Case 5:18-bk-04304-RNO    Doc 26    Filed 12/26/18    Entered 12/26/18 13:20:45    Desc
Main Document    Page 9 of 12
Case 5:18-bk-04304-RNO    Doc 41    Filed 05/04/19    Entered 05/05/19 00:38:47    Desc
Imaged Certificate of Notice    Page 11 of 14

4. **UNSECURED CLAIMS**

    A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

    | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
    |---|---|---|---|---|
    |  |  |  |  |  |

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

    | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
    |---|---|---|---|---|---|---|
    |  |  |  |  |  |  |  |
    |  |  |  |  |  |  |  |
    |  |  |  |  |  |  |  |

10

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☐ plan confirmation.
   ☐ entry of discharge.
   ✔ closing of case.

7. **DISCHARGE: (Check one)**

   (✔) The debtor will seek a discharge pursuant to § 1328(a).
   (  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

Rev. 12/01/18

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 12/26/2018

s/Paul Ackourey
Attorney for Debtor

s/ George Skumanick
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12